IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN TORRES,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 10-2012 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On October 18, 2010, plaintiff Edwin Torres (hereafter plaintiff "Torres") filed this action seeking judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying his application for a period of disability and ensuing disability benefits. (Docket No. 1).[1]

On October 19, 2010, before the Commissioner had answered the Complaint or filed a copy of the administrative record, the case was referred for report and recommendation to a Magistrate Judge, apprising, however, that no later than October 26, 2010, plaintiff was to inform whether he consented to jurisdiction of a Magistrate Judge and upon failure to do so it would be considered an implied consent. (Docket No. 3).[2] Still, by October 21, 2010, counsel for plaintiff Jose J. Gueits-Ortiz, on behalf of plaintiff, notified having

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] *See* In re Sheridan, 362 F.3d 96 (1st Cir. 2004) (where the parties' actions appear to speak as clearly as words, consent may be implied) (*citing* In re G.S.F. Corp., 938 F.2d 1467 (1st Cir. 1991); *see also* Roell v. Withrow, 538 U.S. 580, 591, 123 S.Ct. 1696 (2003) (consent to proceed before a Magistrate Judge can be inferred from a party's conduct during litigation but notice of the right to refuse the magistrate judge is a prerequisite to any inference of consent.).

Edwin Torres v. Commissioner of S.S.
Opinion and Order
Civil No. 10-2012 (CVR)
Page No. 2

consented to jurisdiction of the Magistrate Judge, for which, following the order of the Court, the case was transferred to another Magistrate Judge for all further proceedings. (Docket Nos. 6, 7, 8).[3]  Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).  Thereafter, upon retirement of the designated Magistrate Judge, the case was reassigned to the undersigned on March 2, 2011. (Docket Nos. 15, 16).

On April 19, 2011, the Commissioner filed the Social Security transcript and its answer to the complaint. (Docket Nos. 13 and 14).  On December 7, 2011, plaintiff then filed his memorandum of law and defendant filed its memorandum on January 9, 2012. (Docket Nos. 20 and 21).

Upon examination of the pleadings, including a review of the administrative record, this Magistrate Judge discusses below the pending motions and the appropriate disposition of this action.

**BACKGROUND**

On July 25, 2006, plaintiff Torres filed an application for a period of disability and disability insurance benefits.  The application was initially denied and was also denied on reconsideration.  After an administrative hearing was held on March 24, 2008, the presiding Administrative Law Judge ("ALJ") considered the evidence submitted on the record, although plaintiff Torres was present but determined not to testify.  The ALJ's decision issued on September 2, 2008 found plaintiff Torres not disabled and thereafter the Appeals Council denied review.  Thus, plaintiff Torres is herein requesting judicial

---

[3] The government has provided a blanket consent to proceed before a Magistrate Judge in all Social Security cases.

review of this final administrative determination denying his claim for a period of disability and ensuing benefits.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff Torres claimed disability as of October 8, 2004, due mostly to an emotional condition, an affective disorder diagnosed as major depression with pseudo hallucinations for which he has received treatment by a psychiatrist. Plaintiff Torres also claimed some exertional conditions related to an hernia, gastritis, chest pain and lumbar muscle spasms, which were treated by an internist.

The record shows upper intestinal series tests were conducted by June of 2006, showing normal conditions, with medical indications being limited to a recommended diet, without progress notes or medical certificate on record. The back ailment and complaints as to pain resulted in no neurological deficits, normal gait and full dexterity. Plaintiff Torres was diagnosed with muscle spasms and ordered some physical therapy, without any other medical indications. A consultative neurologist also determined there was no sensory deficit, and there was normal tandem gait, 5/5 strength in all extremities, no gait disturbance and tests appeared normal. The diagnosis was of chronic cervical muscle spasm, cervical and lumbar back pain. The patient was considered able to walk, sit, stand, handle objects, hear, speak and travel.

Insofar as the emotional component, the record as to daily activities before the ALJ describes plaintiff Torres as able to wake up in the mornings and take a walk with his mother, feed the birds, change and clean their cages, read newspapers, watch television, take a 2/3 hours nap and then go to bed early. Sometimes he would help his mother with

house chores for approximately 2 hours. Plaintiff Torres maintained socially appropriate behavior with family, he attended church services every Saturday and visited relatives on Sundays. Plaintiff Torres also went grocery shopping with his mother. The ALJ found there is evidence that plaintiff has moderate difficulties as to concentration, persistence and pace, but has no limitation to paying attention or following simple instructions. Considering that plaintiff Torres previous work experience as a maintenance employee was not precluded by his exertional limitations or any significant musculoskeletal condition or by any limitation imposed by his affective condition, the ALJ concluded plaintiff Torres could still perform his previous work, for which he was found not to be under disability.

Plaintiff Torres submits the ALJ erred by failing to request a medical expert's opinion for it was erroneous to determine that plaintiff could perform his previous work as a maintenance employee being inconsistent with the opinion of two different experts on record. Counsel for plaintiff refers to the opinion of examining physician Dr. Elias Jiménez-Olivo who found plaintiff Torres unable to handle his own funds, as confirmed by a consulting psychiatrist Dr. Armando Fortuño on the same issue. (Docket No. 20, p. 2).

Succinctly, the presiding ALJ determined that: 1) plaintiff met the insured status requirements on March 31, 2008, the date he was last insured; had not engaged in substantial activity since the date of alleged disability on October 8, 2004; (2) suffered from a severe impairment, that is, an affective disorder which was considered to have more than a minimal effect on his ability to perform basic work activity and it was considered severe. (Transcript, p. 22). The ALJ further concluded at step three that plaintiff Torres did not

have an impairment or combination thereof that were listed in the Listing of Impairments. (*Id.*, p. 25).

Insofar as the mental condition, the ALJ considered at step four if plaintiff held the residual functional capacity to perform his past work. The ALJ found plaintiff was able to perform his past relevant work as a maintenance employee for he retained the residual functional capacity to perform a full range of work at all exertional levels, thus having no exertional limitations. (*Id.*, p. 26). As to the mental condition, plaintiff Torres retained the ability to learn, understand, remember and carry-out routine, repetitive, simple instructions and tasks, but not complex and/or detailed ones. He could make judgments in simple work-related situations, sustain attention and concentration for at least two hour intervals, adjust to minor and routine work demands and environment without undue interruptions. He could also relate in simple terms with others, such as co-workers, supervisors and the public and could respond appropriately to changes in the work setting and environment. (*Id.*). Upon this finding, the ALJ determined plaintiff Torres was not disabled since he was not precluded by exertional and/or non-exertional limitations which could hinder plaintiff from performing his previous work as a maintenance employee. The ALJ's decision was affirmed by the Appeals Council and, thus, became the final decision of the Commissioner to which judicial review is herein sought.

## LEGAL ANALYSIS

The Court's review in this type of cases is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996).

The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137,

140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520©. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). This was the final step in the present case for plaintiff Torres who was found able to carry out his former work as maintenance employee.

If it is determined that claimant cannot perform this kind of former work, then the fifth and final step of the process demands a determination on whether claimant is able to

perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The ALJ in the instant case followed only up to step four, upon having determined plaintiff Torres not disabled for being able to perform, without limitations of an exertional or a non-exertional nature, his previous type of work.

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case, plaintiff was found by the ALJ able to perform his previous past relevant work and, thus, there was no need to continue with the examination after said step four consideration. By determining the residual functional capacity for all kind of work, without any exertional limitation, except because of the affective disorder which did not preclude performance of the unskilled, simple and repetitive work entailed as a maintenance worker, the ALJ concluded plaintiff Torres was not disabled. (*Id.*, p. 31).

Plaintiff argues the ALJ failed to provide sufficient reasons to reject the opinions of two psychiatric experts, one the treating source and a consultative one, in regards to the mental condition, and should have retained a medical expert to interpret raw medical data in functional terms.

Nevertheless, the Court of Appeals for the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See*

20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

The ALJ's opinion herein made reference to the medical record showing plaintiff Torres was first seen by psychiatrist Dr. Elias Jiménez-Olivo on August 5, 2004, on a monthly basis.[4] It was reported the patient had symptoms of major depression, who spoke in a low tone of voice and avoided eye contact. He was partially oriented in time, had diminished thought content, psychomotor retardation and depressed mood with some

---

[4] The ALJ also indicated he had considered plaintiff's demeanor at the administrative hearing which was held on March 24, 2008, although the record revealed plaintiff did not testify and the issues were decided on the record. (Transcript pp. 20, 24, 28 and 34).

mental block, auditory hallucinations and dull affect. Remote memory and orientation as to place and person were, however, preserved.

The consultative psychiatrist, Dr. Armando Fortuño, found the patient with poor insight, anxious behavior and mood with congruent affect. Thought process was logical, coherent and relevant and he was oriented in the three spheres. The patient indicated he did not need help to take his medication and he attended social and religious group activities. The diagnosis was of major depression with psychotic features and a guarded prognosis. Dr. Fortuño further noted the patient was wearing appropriate attire, with adequate hygiene but noted he needed supervision in handling funds.

The ALJ also noticed plaintiff's medical treatment was essentially routine and conservative. A consultive neurologist, Dr. Iris Acevedo, found the patient poorly reliable, but cooperative, a good informant, and with preserved memory. State agency medical consultants described plaintiff's physical condition as not severe, with depression that responded well to treatment, without suicidal or homicidal attempts. He was found logical, coherent, oriented, able to understand and remember, concentrate and carry-out short, simple, routine and repetitive instructions. There was no episode of decompensation.

Courts give deference to the ALJ's interpretation of the medical record and notice that, although an ALJ is not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is still not for the Court to resolve same. *See* Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lizotte v. Secretary of Health & Human Servs., 654 F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination

of the ultimate question of disability is for him [the ALJ], not for the doctors or for the courts). *See also* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[5] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

The progress notes and the medical evaluations were duly considered and still more, these serve as substantial evidence in support of the ALJ's decision. In view of the foregoing, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence in the record as whole, insofar as plaintiff's mental impairment allowed for performance of work within his past relevant experience and his residual functional capacity. As such, the decision of the Commissioner is AFFIRMED.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and considered whether there was substantial evidence in

---

[5] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Edwin Torres v. Commissioner of S.S.
Opinion and Order
Civil No. 10-2012 (CVR)
Page No. 12

support of the decision rendered by the Commissioner concludes the Commissioner's decision is supported by substantial evidence and is **AFFIRMED**.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 11th day of January of 2012.

                              S/CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ RIVE
                              UNITED STATES MAGISTRATE JUDGE